"S"

FILED
U.S. DISTRICT COURT

2019 MAR 11   AM 8: 04

S.D. OF N.Y.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN GRAHAM, an individual, ) | **19 CV 02183** |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| TAKE-TWO INTERACTIVE ) | |
| SOFTWARE, INC., ) | |
| 2K SPORTS, INC., and ) | |
| 2K GAMES, INC., ) | JUDGE DANIELS |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT,
## UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Shawn Graham, alleges his complaint against Defendants, Take-Two Interactive Software, Inc., 2K Sports, Inc., and 2K Games, Inc. as follows:

## NATURE OF THE ACTION

1.      This action arises from Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, **RWTW®** and **ROLL WITH THE WINNERS®**. Despite Plaintiff being the senior user and owner of the trademarks **RWTW®** and **ROLL WITH THE WINNERS®** and offering various forms of entertainment, media, fashion, art and online blog services/goods under such brand names, the Defendants have infringed Plaintiff's rights in the aforementioned marks by manufacturing, printing, producing, promoting, selling, and offering for sale a video game and other online media and content that includes Plaintiff's trademarks in the cover art and packaging of the video game and in the actual video content that is viewed by players when they are playing the video game.



Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between all of the Defendants named in this action and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's trademarks.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c) and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district. Some of the Defendants are also registered with the New York State Division of Corporations.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.  Defendants also advertise, market and sell goods in this district via the internet or directly.

## THE PARTIES

5.      Plaintiff, Shawn Graham is an individual with an address at 222 E. 104th Street – Suite 901, New York, NY 10029.

6.      Upon information and belief, Defendant Take-Two Interactive Software, Inc. is a Delaware corporation with a principal place of business at 110 West 44th Street, New York, New York 10036.

7.      Upon information and belief, Defendant 2K Sports, Inc. is a Delaware corporation with a principal place of business at 10 Hamilton Landing, Novato, CA 94949.  2K Sports is a subsidiary corporation of Take-Two Interactive Software, Inc.

8.      Upon information and belief, Defendant 2K Games, Inc. is a Delaware corporation with a principal place of business at 10 Hamilton Landing, Novato, CA 94949.  2K Games is a subsidiary corporation of Take-Two Interactive Software, Inc.

## FACTS

9.      Plaintiff Shawn Graham, amongst other things, is a provider of online digital content and images that are used in connection with all forms of entertainment, that are promoted through various digital media formats including but not limited to Instagram.

10.     Since at least as early as 2010, Plaintiff Shawn Graham has been proving digital content, media, news, photographs, videos, etc. under the **RWTW®** and **ROLL WITH THE WINNERS®** brand names.

11.     Since at least as early as 2010, Plaintiff has been operating an online blog that includes news, information, photographs and other media and content under the marks **RWTW®** and **ROLL WITH THE WINNERS®**.

12.     Plaintiff advertises his **RWTW®** and **ROLL WITH THE WINNERS®** brands and clothing items through its blog and on social media platforms including but not limited to Instagram.

13.     Plaintiff's **RWTW®** and **ROLL WITH THE WINNERS®** marks enjoy a superlative reputation in the marketplace.

14.     Plaintiff is the registered owner of United States Trademark Registration No. 5,017,855 for the mark **RWTW®**. **(See Exhibit A)**.

15.     Plaintiff is the registered owner of United States Trademark Registration No. 5,017,663 for the mark **ROLL WITH THE WINNERS®**. **(See Exhibit B)**.

16.     Plaintiff has built and acquired significant common law rights in the **RWTW®** and **ROLL WITH THE WINNERS®** marks in connection with providing, videos, images, news and others forms of entertainment and media content based on Plaintiff's long standing and continuous use of the marks in commerce in connection with various goods and services.

17.     Upon information and belief, Defendant Take-Two Interactive Software, Inc. (Take-Two") is a company that manufactures, promotes and sells video games online and at retail stores worldwide.

18.     Defendant Take-Two is manufacturing, printing, marketing, promoting, selling and offering for sale, a video game bearing Plaintiff's **RWTW®** mark which violate Plaintiff's trademark rights in the aforementioned marks **RWTW®** and **ROLL WITH THE WINNERS®**. The aforementioned use in commerce by Defendant Take-Two violates Plaintiff's exclusive use rights in connection with the **RWTW®** mark..

19.     Plaintiff is a senior user of the **RWTW®** and **ROLL WITH THE WINNERS®** brands and has priority rights in the aforementioned marks by virtue of "first use" "in commerce."

20.     Upon information and belief, Defendant Take-Two had knowledge of Plaintiff's ownership rights in the **RWTW® and ROLL WITH THE WINNERS** marks.

21.     Defendant Take-Two's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of online digital content and other similar services or goods under the **RWTW® and/or ROLL WITH THE WINNERS®** marks.

22.     Upon information and belief, Defendant 2K Sports, Inc. is a subsidiary corporation of Defendant Take-Two and is also a company that manufactures, promotes and sells video games online and at retail stores worldwide.

23.     Defendant 2K Sports is manufacturing, printing, marketing, promoting, selling and offering for sale, a video game bearing Plaintiff's **RWTW®** mark which violate Plaintiff's trademark rights in the aforementioned marks **RWTW®** and **ROLL WITH THE WINNERS®**. The aforementioned use in commerce by Defendant 2K Sports violates Plaintiff's exclusive use rights in connection with the **RWTW®** mark..

24.     Plaintiff is a senior user of the **RWTW®** and **ROLL WITH THE WINNERS®** brands and has priority rights in the aforementioned marks by virtue of "first use" "in commerce."

25.     Upon information and belief, Defendant 2K Sports had knowledge of Plaintiff's ownership rights in the **RWTW® and ROLL WITH THE WINNERS** marks.

26.     Defendant 2k Sports use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of online digital content and other similar services or goods under the **RWTW® and/or ROLL WITH THE WINNERS®** marks.

27.     Upon information and belief, Defendant 2K Games, Inc. is a subsidiary corporation of Defendant Take-Two and is also a company that manufactures, promotes and sells video games online and at retail stores worldwide.

28.     Defendant 2K Games is manufacturing, printing, marketing, promoting, selling and offering for sale, a video game bearing Plaintiff's **RWTW®** mark which violate Plaintiff's trademark rights in the aforementioned marks **RWTW®** and **ROLL WITH THE WINNERS®**. The aforementioned use in commerce by Defendant 2K Games violates Plaintiff's exclusive use rights in connection with the **RWTW®** mark..

29.     Plaintiff is a senior user of the **RWTW®** and **ROLL WITH THE WINNERS®** brands and has priority rights in the aforementioned marks by virtue of "first use" "in commerce."

30.     Upon information and belief, Defendant 2K Games had knowledge of Plaintiff's ownership rights in the **RWTW® and ROLL WITH THE WINNERS** marks.

31.     Defendant 2k Games use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of online digital content and other similar services or goods under the **RWTW® and/or ROLL WITH THE WINNERS®** marks.

32.     None of the Defendants use of Plaintiff's trademarks are considered a fair use as they are using the marks for commercial business purposes and for a profit.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

33.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint.

34.     The use in commerce by Defendants of an identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **RWTW® and ROLL WITH THE WINNERS®** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

35.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 34 of this Complaint.

36.     Plaintiff has the exclusive right to market, brand and provide online digital media and content using the **RWTW® and ROLL WITH THE WINNERS®** marks.

37.     Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's goods and services come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

38.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

39.     By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

40.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39 of this Complaint.

41.     Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.   Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

42.     Defendants unauthorized use of Plaintiff's **RWTW® and ROLL WITH THE WINNERS®** marks is likely to continue to cause further confusion to the public as to the goods and services of the respective parties.

43.     By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in the **RWTW® and ROLL WITH THE WINNERS®** marks and Defendants have become unjustly enriched by such acts of infringement.

44.     Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights in the names.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

45.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44 of this Complaint.

46.     Defendants have unjustly retained profits from the sale of a video game bearing Plaintiff's **RWTW® and ROLL WITH THE WINNERS®** marks.

47.     Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **RWTW® and/or ROLL WITH THE WINNERS®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **RWTW® and/or ROLL WITH THE WINNERS®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **RWTW® and ROLL WITH THE WINNERS®** marks.

2.     That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.     That Defendant be ordered to deliver up for destruction any and all infringing materials bearing the **RWTW® and/or ROLL WITH THE WINNERS®** marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages against all Defendants.

5.      That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the **RWTW®** mark.

6.      That Plaintiff be awarded statutory damages in the amount of $1,000,000.00 for Defendants acts of willful infringement of Plaintiff's trademarks.

7.      That Plaintiff be awarded the cost and disbursements of this action.

8.      That Plaintiff have such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: March 10, 2018                          Respectfully submitted,
      New York, New York                    Shawn Graham – Pro Se

                                                    Shawn Graham
                                                    Pro Se Plaintiff
                                                    222 E. 104th Street – Suite #901
                                                    New York, New York 10029
                                                    (516) 967-1645

**EXHIBIT A**

# United States of America

## United States Patent and Trademark Office

# RWTW

**Reg. No. 5,017,855**

**Registered Aug. 09, 2016**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Graham, Shawn (UNITED STATES INDIVIDUAL)
2062 Strauss Street
Brooklyn, NY 11212

CLASS 42: Providing customized on-line web pages and data feeds featuring user-defined information, which includes blog posts, new media content, other on-line content, and on-line web links to other websites

FIRST USE 11-00-2010; IN COMMERCE 11-00-2010

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-865,830, FILED 01-05-2016

JENNY K PARK, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**EXHIBIT B**

# United States of America

## United States Patent and Trademark Office

# ROLL WITH THE WINNER'S

**Reg. No. 5,017,663**

**Registered Aug. 09, 2016**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Graham, Shawn (UNITED STATES INDIVIDUAL)
2062 Strauss Street
Brooklyn, NY 11212

CLASS 42: Providing customized on-line web pages and data feeds featuring user-defined information, which includes blog posts, new media content, other on-line content, and on-line web links to other websites

FIRST USE 11-00-2010; IN COMMERCE 11-00-2010

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 86-862,827, FILED 12-31-2015

JENNY K PARK, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office