UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

SHAWN GRAHAM,

                Plaintiff,

    -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC., 2K
SPORTS, INC., and 2K GAMES, INC.,

                Defendants.

------------------------------------- x

**MEMORANDUM DECISION
AND ORDER**

19 Civ. 2183 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Shawn Graham brings this action against Defendants Take-Two Interactive Software, Inc., 2K Sports, Inc., and 2K Games, Inc., asserting claims of trademark infringement, unfair competition, and unjust enrichment. (Compl., ECF No. 1.) Plaintiff owns trademark registrations for the marks "RWTW" and "ROLL WITH THE WINNER'S,"[1] (*id.* ¶¶ 14–15; Exs. A, B), and operates an online blog and social media platforms through which he markets products bearing such marks, (*id.* ¶¶ 11–12). He alleges that Defendants infringed his rights in the RWTW and ROLL WITH THE WINNER'S marks by creating and selling a video game that includes the acronym "RWTW" in the game's cover art, content, and packaging. (*Id.* ¶¶ 1, 18, 23, 28).[2] Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's unjust enrichment claim. (Defs.' Notice of Mot. to Dismiss, ECF No. 12).

---

[1] Although the complaint alleges that Plaintiff owns the rights in "ROLL WITH THE WINNERS," his trademark registration is for "ROLL WITH THE WINNER'S," the singular possessive. (*See id.* ¶ 15; Ex. B.)

[2] The complaint does not specify which video game allegedly infringes Plaintiff's rights, but it includes an image, (*id.* at 2), which, according to Defendants, is the image of the video game cover for *NBA 2K19: Anniversary Edition*, (Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss, ECF No. 13, at 1, 3 & n.2).

Before this Court is Magistrate Judge Stewart D. Aaron's November 25, 2019 Report and Recommendation (the "Report"), recommending that Defendants' partial motion to dismiss be granted and that Plaintiff be given leave to amend. (Report, ECF No. 27, at 6.) Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 6–7.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013). This is particularly true for *pro se* plaintiffs, whose submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS DISMISSED

To state a claim for unjust enrichment under New York law, "a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (citation omitted); *see also Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) ("The plaintiff must allege 'that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." (citation omitted)). "[W]hile 'a plaintiff need not be in privity with the defendant to state a claim for unjust enrichment,' there must exist a relationship or connection between the parties that is not 'too attenuated.'" *Georgia Malone*, 19 N.Y.3d at 516. Here, as Magistrate Judge Aaron correctly determined, the complaint alleges neither any relationship, communications, or dealings between

3

Plaintiff and Defendants, nor any specific and direct benefit conferred upon Defendants. (Report at 4–5.) Accordingly, dismissal of Plaintiff's unjust enrichment claim is warranted.

Magistrate Judge Aaron also appropriately found that Plaintiff should be given leave to amend, given that a "liberal reading of the complaint" indicates that a valid unjust enrichment claim might be stated, (*id.* at 5 (quoting *Howard v. Brown*, No. 15 Civ. 9930 (ER), 2018 WL 3611986, at *6–7 (S.D.N.Y. July 26, 2018) (citation omitted)), and *pro se* litigants, like Plaintiff here, should be afforded "every reasonable opportunity" to establish that he has a valid claim, (*id.* at 6 (quoting *Garay v. Novartis Pharm. Corp.*, 576 F. App'x 24, 25 (2d Cir. 2014)).[3]

### III. CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. Defendants' partial motion to dismiss Plaintiff's unjust enrichment claim, (ECF No. 12), is GRANTED. The Clerk of Court is directed close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
January 24, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[3] Plaintiff may have 30 days from the date of this Memorandum Decision and Order to file an amended complaint.

4