UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SHAWN GRAHAM,

                    Plaintiff,

        -against-

TAKE-TWO INTERACTIVE SOFTWARE, INC.,
2K SPORTS, INC., and 2K GAMES, INC.,

                    Defendants.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 2183 (GBD) (SDA)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 22 2020

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Shawn Graham brings this action against Defendants Take-Two Interactive Software, Inc., 2K Sports, Inc., and 2K Games, Inc., asserting claims of trademark infringement, unfair competition, and unjust enrichment. (Compl., ECF No. 1.) Plaintiff owns two registered trademarks, "RWTW" and "ROLL WITH THE WINNER'S,"[1] (*id.* ¶¶ 14–15; Exs. A, B), and operates an online blog and social media platforms to market products bearing such marks, (*id.* ¶¶ 11–12). Plaintiff asserts that Defendants infringed upon his rights by creating and selling a video game that includes the acronym "RWTW" on its cover art, content, and packaging. (*Id.* ¶¶ 1, 18, 23, 28.)[2] This Court previously granted Defendants' motion to dismiss Plaintiff's unjust enrichment claim. (Mem. Decision and Order, ECF No. 31, at 4.) Defendants now move to dismiss Plaintiff's remaining claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Defs.' Notice of Mot. to Dismiss, ECF No. 32.)

---

[1] Although the complaint alleges that Plaintiff owns the rights in "ROLL WITH THE WINNERS," his trademark registration is for "ROLL WITH THE WINNER'S," the singular possessive. (*See* Compl. ¶ 15, Ex. B.)

[2] The complaint does not specify which video game allegedly infringes Plaintiff's rights, but it includes an image, (Compl. at 2), which, according to Defendants, is the image of the video game cover for *NBA 2k19 Anniversary Edition*, (Mem. Decision and Order, ECF No. 31, at 1 n.2 (citing Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss, ECF No. 13, at 1, 3 & n.2)).

1

Before this Court is Magistrate Judge Stewart D. Aaron's February 26, 2020 Report and Recommendation (the "Report"), recommending that Defendants' motion to dismiss be granted to the extent that the complaint be dismissed without prejudice. (Report, ECF No. 36, at 1.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Rule 41(b) Failure to Prosecute.

Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citations omitted). District courts must weigh five factors when deciding whether to dismiss an action under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest

in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (citation omitted).

## II. PLAINTIFF'S CLAIMS ARE DISIMSSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

After a thorough review of all five factors, Magistrate Judge Aaron appropriately found that dismissal without prejudice is warranted. (*See* Report at 5–8.) With respect to the first factor, Plaintiff failed to appear for multiple telephonic court conferences in May 2019 and July 2019, failed to respond to Defendants' discovery requests over a three-month span, and most recently failed to respond to Defendants' letter dated January 2, 2020 regarding Plaintiff's lack of response, despite being ordered to do so. (Report at 4–5, 6.)

Second, Plaintiff received adequate notice that failure to comply with court orders could lead to dismissal. Magistrate Judge Aaron repeatedly warned Plaintiff of such an outcome, including by order on September 4, 2019, when he admonished Plaintiff that "sanctions may be imposed up to and including my recommendation that [Plaintiff's] case be dismissed." (Order dated Sept. 4, 2019, ECF No. 21, at 1.)

Third, Defendants already have been, and will continue to be, prejudiced by Plaintiff's failure to comply with orders, engage in discovery, or respond to motions in a timely fashion. Defendants have been unable to prepare for trial due to Plaintiff's inaction. They are "likely to be prejudiced by further delay," and as such, this factor weighs in favor of dismissal. (*See* Report at 6.)

Fourth, Plaintiff has had an opportunity to be heard, but relinquished this right. He failed to participate in the discovery process. Plaintiff did not serve required disclosures upon Defendants. He did not respond to discovery requests, and repeatedly did not reply to Defendants'

3

efforts to engage in various pretrial proceedings. (Decl. of Miranda Means, Esq. in Supp. of Defs.' Mot. to Dismiss, ECF No. 34, ¶¶10–15.) He also did not comply with a court order to respond to Defendants' letter addressing Plaintiff's failure to participate in discovery. Given Plaintiff's actions, Magistrate Judge Aaron appropriately determined that this Court's need to manage its docket outweighs Plaintiff's interest in continuing his case. (Report at 7.)

Finally, "given the multiple attempts to contact Plaintiff with no response," any sanction other than dismissal would be ineffective. (*Id.*)

However, as Magistrate Judge Aaron properly concluded, Plaintiff's *pro se* status coupled with the fact that Plaintiff's delays have not directly impacted the trial calendar supports dismissal without prejudice. (*Id.* at 7–8.)

## III. CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED. Defendants' motion to dismiss Plaintiff's complaint for failure to prosecute (ECF No. 32), is GRANTED to the extent that Plaintiff's complaint, (ECF No. 1), is dismissed without prejudice. The Clerk of Court is directed to close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
June 22, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4